**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EUGENE A. TODIE,

        Plaintiff,

vs.

E. SOKOLOWSKI, *et al.*,

        Defendants.

Case No. 2:12-cv-00335-GMN-PAL

**ORDER**

        Plaintiff, who is a Pennsylvania inmate has filed an application to proceed in forma pauperis (#1) and has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-1). Based on the financial information provided, the court finds that plaintiff is unable to prepay the full filing fee in this matter. Therefore, his motion to proceed in forma pauperis shall be granted. The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.    Screening Pursuant to 28 U.S.C. § 1915A**

        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Discussion**

Plaintiff sues Defendants E. Sokolowski and John Does 1-4, who are alleged to be employees of the City of Las Vegas serving as police officers in both their individual and official capacities. Plaintiff alleges that on September 28, 2010, he was the subject of a vehicle stop by Officers Sokolowski and John Doe 1 which stop was made without probable cause. Defendants John Does 2-4 then joined the scene. He avers the officers accused him of possessing stolen property and he was removed from the vehicle, placed face-down on the pavement and had his hands cuffed behind his back. Plaintiff alleges that after he was so restrained, "an unwarranted, brutal and outrageous assault ensued"and that the other defendants failed or refused to intervene to stop the assault. He claims the assault occurred without provocation or justification.

Plaintiff further alleges that a search of the vehicle and a strip search of his person, conducted in public by the side of the road, resulted in no evidence or contraband. Despite these circumstances, plaintiff was removed to the Clark County Detention Center, criminally charged and detained there until October 1, 2010, at which time a judge dismissed the "false criminal charge and freed plaintiff from detention thereunder." Complaint, p. 3-A. Plaintiff brings claims of a violation of 42 U.S.C. § 1985 (Conspiracy), the Eighth Amendment for cruel and unusual punishment and a violation of his Fourth Amendment right to due process and to be free from excessive force. Plaintiff seeks monetary damages.

**A.     Count One**

Plaintiff alleges the defendants violated 42 U.S.C. § 1985 by conspiring among themselves to deprive him of his rights to be secure in his person through the unreasonable and unwarranted arrest and search conducted on September 28, 2010.

1   In order to prove a claim for relief under 42 U.S.C. § 1985, plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of a right or privilege of a United States citizen. *Mustafa v. Clark County*, 157 F.3d 1169, 1181 (9th Cir. 1998). A complaint alleging a conspiracy must allege facts showing an agreement or meeting of the minds of the conspirators. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). The complaint must also include "nonconclusory allegations containing evidence of unlawful intent." *See Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991) (when pleading a Section 1983 claim requiring a showing of subjective intent, a plaintiff is subject to a heightened pleading standard). The simple formulaic recitation of the elements of a claim are insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65, *see Papasan v. Allain*, 478 U.S. at 286.

The court also notes that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon,* 34 F.3d 1416, 1447 n. 25 (9th Cir.1994), *rev'd on other grounds,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Importantly, however, officers can be held liable for failing to intercede only if they had an opportunity to intercede. *Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir. 2000); *see also Bruner v. Dunaway,* 684 F.2d 422, 426-27 (6th Cir.1982). Moreover, where an officer with the duty to intercede fails to do so, the constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows. *U.S. v. Koon,* 34 F.3d 1416, 1447 (9th Cir. 1994).

In the body of this claim, plaintiff offers only a formulaic recitation of the statutory elements of conspiracy under § 1985 and then lists the individual acts of the defendants in the arrest and search. Such bald allegations of a conspiracy are insufficient to state a claim for conspiracy under § 1985. Though the claim includes sufficient facts to support a claim that the officers used excessive force during his arrest, this claim will be dismissed without prejudice to permit plaintiff an opportunity to amend the complaint if he can provide additional facts which evidence an actual conspiracy.

**B.     Count Two**

Plaintiff claims that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when, during the course of his arrest, the defendants placed him in restraints face-down on the pavement and then, without provocation, kicked, punched and slapped plaintiff's body. Plaintiff alleges that he suffered a dislocated shoulder, a groin sprain, lacerations and a fractured eye socket from this unprovoked assault. Plaintiff further alleges that in addition to the physical injuries he suffered at the time, he continues to suffer severe mental and emotional distress.

At the time of the arrest and alleged assault, plaintiff was a pre-trial detainee who was not subject to punishment as contemplated by the Eighth Amendment. *See Graham v. Connor,* 490 U.S. 386, 392 n. 6, 109 S.Ct. 1865, 1871 (1989) *see also Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). In fact, the use of excessive force in the course of making an arrest or an investigatory stop or other such seizure of a person is properly analyzed under the Fourth Amendment and its "objective reasonableness" standard. *Graham,* 490 U.S. at 388.  Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' " against the countervailing governmental interests at stake. *See Tennessee v. Garner,* 471 U.S. 18, 105 S.Ct., 1694 1699 (1985), quoting *United States v. Place*, 462 U.S. 696, 703, 103 S.Ct. 2637, 2642 (1983).

Not every push or shove, even those that later may seem excessive, violates the Fourth Amendment, particularly because officers are often forced to make split-second decisions in tense and rapidly evolving situations. *Graham,* 490 U.S. at 396-97. If an officer has probably cause to believe a person has committed a crime, he is permitted to arrest that individual. *Garner,* 471 U.S. at 9. Whether the arrest involves the use of excessive force depends on the circumstances. For instance, a officer "may not seize an unarmed, nondangerous suspect by shooting him dead. *Id.* at 11.  Here, taking plaintiff's

5

allegations as true and construing them liberally, as required, *Ortez v. Washington Cnty., State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996), it could reasonably be said that the four officers who kicked, beat, and slapped an unarmed and handcuffed plaintiff used excessive force in effecting his arrest for a non-violent crime of possession of stolen property. Count two in the complaint states a colorable claim for a Fourth Amendment violation by all defendants through the alleged unprovoked use of excessive force during his arrest on September 28, 2010. *See Tennessee v. Garner,* 471 U.S. There is, however, no Eighth Amendment violation presented under these facts.

**C.     Count Three**

In his final claim, plaintiff alleges the "4th Amendment to the Constitution of the United States of America in which citizens of the U.S. have rights to due process of law, including the right to be free from excessive force." Plaintiff then proceeds to again describe the violent actions of the various defendants during the arrest. He further alleges that defendant John Doe 4 falsely arrested and criminally charged him resulting in his incarceration on September 28, 2010.

The court construes this claim to be a claim of an unreasonable seizure or false arrest. As with the unreasonable search claim, this allegation falls under the protections afforded by the Fourth Amendment and is analyzed under the "reasonableness standard" not as a violation of "substantive due process" afforded by the Fourteenth Amendment. *Graham v. Connor,* 490 U.S. 395. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amd. IV.

A "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, ... in some way restrained the liberty of a citizen," *Terry v. Ohio*, 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 1879, n. 16 (1968); *see Brower v. County of Inyo*, 489 U.S. 593, 596, 109 S.Ct. 1378, 1381 (1989). The Supreme Court in *Graham* explained that the reasonableness of a particular seizure would depend on when it was made

and how it was carried out. 490 U.S. at 395 (citing *Tennessee v. Garner,* 471 U.S. 1, 21 (1985)). Reasonableness is determined by balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake. *Tennessee v. Garner,* 471 U.S. at 8 (quoting *United States v. Place,* 462 U.S. 696, 703 (1983). Several factors are examined in balancing these interests, including the severity of the crime, the threat to the safety of officers or others posed by the suspect, whether the suspect is actively resisting arrest or attempting to evade arrest. *Id.* at 8-9 (the questions is "whether the totality of the circumstances justifies a particular sort of seizure"). This totality of circumstances must be judge from the "perspective of the reasonable officer on the scene, not from 20/20 hindsight." *Graham,* 471 U.S. at 396. This is an objective standard.

Plaintiff alleges he was stopped in his vehicle and removed, handcuffed and then assaulted by the officers without provocation. He alleges that a search of his person and his vehicle failed to reveal any contraband or other basis for his arrest, which the officers asserted was for the possession of stolen property. Plaintiff was then arrested and taken into custody where he remained for at least two days before he appeared before a judge and was released with out charges.

A police officer who arrests without probable cause has committed a civil rights violation. *McKenzie v. Lamb,* 738 F.2d 1005, 1007 (9th Cir.1984)   Whether a police officer had probable cause to arrest is ascertained by looking at the facts known to the officer at the time of the arrest and determining whether a reasonably prudent police officer could have believed that the suspect had committed or was committing an arrestable offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225-26, 13 L.Ed.2d 142 (1964). The standard of review is an objective one and not a subjective one, for the actual intent of the arresting officer is not material to determining whether probable cause existed. *Turner v. County of Washoe*, 759 F.Supp. 630 (D.Nev., Feb 20, 1991).

Based upon all the facts as alleged and taking them as true, plaintiff has stated a colorable claim for false arrest or unreasonable seizure in count three.

### III. Conclusion

Plaintiff may proceed without amendment as to counts two and three of the complaint on claims of the use of excessive force and unreasonable or false arrest as prohibited by the Fourth Amendment. He has not, however, stated sufficient facts to proceed on a claim of conspiracy under 42 U.S.C. § 1985. He will be given an opportunity to amend the complaint as to count one.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If plaintiff chooses to file an amended complaint, he must set forth all of the claims he has, not just the revised claim for conspiracy in count one.

**IT IS THEREFORE ORDERED** as follows:

1. Plaintiff's application to proceed *in forma pauperis* (# 1) is **GRANTED**; no initial payment shall be required. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915(b)(2), the Allenwood Federal Correction Institution shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #19901-055), in the months

    that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also **SEND** a copy of this order to the attention of N. Mosier, Trust Fund, P.O. Box 2500, White Deer, PA 17787.

5. The Clerk shall **DETACH** and **FILE** the complaint.
6. Count one of the complaint is **dismissed without prejudice** and with leave to amend.
7. The Clerk shall send to plaintiff a civil rights complaint form and instructions. Plaintiff shall have thirty days from entry of this order to file his amended complaint or to inform the court of his intention to proceed on the original complaint as screened herein. If plaintiff does not file an amended complaint within the time allowed, the matter will proceed as to counts two and three as discussed in this Order.

Dated this 9th day of May, 2012.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE