**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EUGENE A. TODIE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-00335-GMN-PAL |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E. SOKOLOWSKI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, who is a Pennsylvania inmate has filed an application to proceed in forma pauperis (#1) and has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-1). In an order dated May 9, 2012 (ECF No. 2), the Court screened the original complaint and dismissed count one without prejudice and with leave to amend. Plaintiff has not filed an amended complaint within the time allowed. Therefore the matter will proceed as to counts two and three as discussed below.

**I.      Discussion**

Plaintiff sues Defendants E. Sokolowski and John Does 1-4, who are alleged to be employees of the City of Las Vegas serving as police officers in both their individual and official capacities. Plaintiff alleges that on September 28, 2010, he was the subject of a vehicle stop by Officer Sokolowski and John Doe 1 which stop was made without probable cause. Defendants John Does 2-4 then joined the scene. He avers the officers accused him of possessing stolen property and he was removed from the vehicle, placed face-down on the pavement and had his hands cuffed behind his back. Plaintiff alleges that after he was so restrained, "an unwarranted, brutal and outrageous assault ensued" wherein the other defendants failed or refused to intervene to stop the assault, which occurred without provocation or justification.

1  Plaintiff further alleges that a search of the vehicle and a strip search of his person,
2 conducted in public by the side of the road, resulted in no evidence or contraband. Despite these
3 circumstances, plaintiff was removed to the Clark County Detention Center, criminally charged and
4 detained there until October 1, 2010, at which time a judge dismissed the "false criminal charge and
5 freed plaintiff from detention thereunder." Complaint, p. 3-A. Plaintiff brings claims of a violation of
6 42 U.S.C. § 1985 (Conspiracy), the Eighth Amendment for cruel and unusual punishment and a
7 violation of his Fourth Amendment right to due process and to be free from excessive force. Plaintiff
8 seeks monetary damages.

9  **A.  Count One**

10  Plaintiff alleges the defendants violated 42 U.S.C. § 1985 by conspiring among
11 themselves to deprive him of his rights to be secure in his person through the unreasonable and
12 unwarranted arrest and search conducted on September 28, 2010. For the reasons stated in the initial
13 screening order, this count shall be dismissed.

14  **B.  Count Two**

15  Plaintiff claims that he was subjected to cruel and unusual punishment in violation of the
16 Eighth Amendment when, during the course of his arrest, the defendants placed him in restraints face-
17 down on the pavement and then, without provocation, kicked, punched and slapped plaintiff's body.
18 Plaintiff alleges that he suffered a dislocated shoulder, a groin sprain, lacerations and a fractured eye
19 socket from this unprovoked assault. Plaintiff further alleges that in addition to the physical injuries he
20 suffered at the time, he continues to suffer severe mental and emotional distress.

21  At the time of the arrest and alleged assault, plaintiff was a pre-trial detainee who was
22 not subject to punishment as contemplated by the Eighth Amendment. *See Graham v. Connor,* 490 U.S.
23 386, 392 n. 6, 109 S.Ct. 1865, 1871 (1989) *see also Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97
24 S.Ct. 1401, 1412, n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has
25 complied with the constitutional guarantees traditionally associated with criminal prosecutions"). In
26 fact, the use of excessive force in the course of making an arrest or an investigatory stop or other such

seizure of a person is properly analyzed under the Fourth Amendment and its "objective reasonableness" standard. *Graham,* 490 U.S. at 388.   Determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment requires a careful balancing of " 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' " against the countervailing governmental interests at stake. *See Tennessee v. Garner,* 471 U.S. 18, 105 S.Ct., 1694 1699 (1985), quoting *United States v. Place*, 462 U.S. 696, 703, 103 S.Ct. 2637, 2642 (1983).

Not every push or shove, even those that later may seem excessive, violates the Fourth Amendment, particularly because officers are often forced to make split-second decisions in tense and rapidly evolving situations.  *Graham,* 490 U.S. at 396-97. If an officer has probable cause to believe a person has committed a crime, he is permitted to arrest that individual. *Garner,* 471 U.S. at 9. Whether the arrest involves the use of excessive force depends on the circumstances.  For instance, a officer "may not seize an unarmed, nondangerous suspect by shooting him dead. *Id.* at 11.  Here, taking plaintiff's allegations as true and construing them liberally, as required, *Ortez v. Washington Cnty., State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996), it could reasonably be said that  the four officers who kicked, beat, and slapped an unarmed and handcuffed plaintiff used excessive force in effecting his arrest for a non-violent crime of possession of stolen property. Count two in the complaint states a colorable claim for a Fourth Amendment violation by all defendants through the alleged unprovoked use of excessive force during his arrest on September 28, 2010.  *See Tennessee v. Garner,* 471 U.S. There is, however, no Eighth Amendment violation presented under these facts.

### C.    Count Three

In his final claim, plaintiff alleges the "4th Amendment to the Constitution of the United States of America in which citizens of the U.S. have rights to due process of law, including the right to be free from excessive force." Plaintiff then proceeds to again describe the violent actions of the various defendants during the arrest.  He further alleges that defendant John Doe 4 falsely arrested and criminally charged him resulting in his incarceration on September 28, 2010.

/ / /

The court construes this claim to be a claim of an unreasonable seizure or false arrest. As with the unreasonable search claim, this allegation falls under the protections afforded by the Fourth Amendment and is analyzed under the "reasonableness standard" not as a violation of "substantive due process" afforded by the Fourteenth Amendment. *Graham v. Connor,* 490 U.S. 395. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amd. IV.

A "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, ... in some way restrained the liberty of a citizen," *Terry v. Ohio*, 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868, 1879, n. 16 (1968); *see Brower v. County of Inyo*, 489 U.S. 593, 596, 109 S.Ct. 1378, 1381 (1989). The Supreme Court in *Graham* explained that the reasonableness of a particular seizure would depend on when it was made and how it was carried out. 490 U.S. at 395 (citing *Tennessee v. Garner,* 471 U.S. 1, 21 (1985)). Reasonableness is determined by balancing the "nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake. *Tennessee v. Garner,* 471 U.S. at 8 (quoting *United States v. Place,* 462 U.S. 696, 703 (1983). Several factors are examined in balancing these interests, including the severity of the crime, the threat to the safety of officers or others posed by the suspect, whether the suspect is actively resisting arrest or attempting to evade arrest. *Id.* at 8-9 (the questions is "whether the totality of the circumstances justifies a particular sort of seizure"). This totality of circumstances must be judged from the "perspective of the reasonable officer on the scene, not from 20/20 hindsight." *Graham,* 471 U.S. at 396. This is an objective standard.

Plaintiff alleges he was stopped in his vehicle and removed, handcuffed and then assaulted by the officers without provocation. He alleges that a search of his person and his vehicle failed to reveal any contraband or other basis for his arrest, which the officers asserted was for the possession of stolen property. Plaintiff was then arrested and taken into custody where he remained

for at least two days before he appeared before a judge and was released with out charges.

A police officer who arrests without probable cause has committed a civil rights violation. *McKenzie v. Lamb,* 738 F.2d 1005, 1007 (9th Cir.1984)   Whether a police officer had probable cause to arrest is ascertained by looking at the facts known to the officer at the time of the arrest and determining whether a reasonably prudent police officer could have believed that the suspect had committed or was committing an arrestable offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225-26, 13 L.Ed.2d 142 (1964).  The standard of review is an objective one and not a subjective one, for the actual intent of the arresting officer is not material to determining whether probable cause existed. *Turner v. County of Washoe*, 759 F.Supp. 630 (D.Nev., Feb 20, 1991).

Based upon all the facts as alleged and taking them as true, plaintiff has stated a colorable claim for false arrest or unreasonable seizure in count three.

**III.    Conclusion**

Plaintiff may proceed without amendment as to counts two and three of the complaint on claims of the use of excessive force and unreasonable or false arrest as prohibited by the Fourth Amendment.  He has not, however, stated sufficient facts to proceed on a claim of conspiracy under 42 U.S.C. § 1985.  He was given an opportunity to amend the complaint as to count one, but had not done so.  That count remains dismissed.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall issue a summon for defendant E. Sokolowski, the sole identified defendant, and deliver same, along with one copy of the complaint, to the U.S. Marshal for service.  The Clerk shall send to plaintiff four (4) USM-285 forms, one copy of the complaint and a copy of this order.  Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required USM-285 form for the identified defendant.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, plaintiff must file a notice with the court identifying which defendant was served and which were not served, if any.  If plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the court identifying the unserved

1  defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether
2  some other manner of service should be attempted.

3        **IT IS FURTHER ORDERED** that plaintiff must identify the remaining Doe
4  defendants before service of process may be made upon them.  Plaintiff should retain the remaining
5  USM 285 forms until such time as the defendants are identified.  He must then follow the above
6  procedure to effect service of the complaint upon them.

7        **IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants,
8  or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading,
9  motion, or other document submitted for consideration by the court.  Plaintiff shall include with the
10 original paper submitted for filing a certificate stating the date that a true and correct copy of the
11 document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
12 appearance, the plaintiff shall direct service to the individual attorney named in the notice of
13 appearance, at the address stated therein.  The court may disregard any paper received by a district
14 judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include
15 a certificate showing proper service.

17       Dated this 22nd day of June, 2012.

20                                             UNITED STATES MAGISTRATE JUDGE